IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARVEY LOPEZ. | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| LANTERN MANAGEMENT | § | |
| HOLDINGS, LP  and | § | |
| ARNOLD RODRIGUEZ | § | JURY TRIAL DEMANDED |
| | § | |
| | § | |
| DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

HARVEY LOPEZ, complains of LANTERN MANAGEMENT HOLDINGS, LP, parent

company of LANTERN ASSET MANAGEMENT, L.P. AKA LANTERN DEVELOPMENT, LLC

D/B/A BLUEJACK NATIONAL and ARNOLD RODRIGUEZ, and for cause of action would

show:

## I. PARTIES

PLAINTIFF:

1.      Plaintiff, Harvey Lopez, ("LOPEZ") is a Texas resident in Houston, Harris County,

Texas.

DEFENDANT:

2.      Defendant, LANTERN MANAGEMENT HOLDINGS, LP, parent company of

LANTERN ASSET MANAGEMENT, L.P. AKA LANTERN DEVELOPMENT, LLC D/B/A

BLUEJACK NATIONAL ("BLUEJACK") is a Delaware limited partnership doing business in

Texas, and may be served with process by serving its Registered Agent, Corporation Service

Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

3.      Defendant Arnold Rodriguez is an individual residing in Texas who may be served with process at his place of business 6811 Theall Road, Houston, Harris County, Texas 77066, his residence 26111 Sandy Branch Way, Montgomery, Texas 77316 or wherever he may be found.

## II.  NATURE OF THE CASE

4.      This is a suit based upon discrimination and intentional interference with contractual relationship.

## III.  JURISDICTION AND VENUE

5.      Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. § 1981, as amended.   Plaintiff's seeks damages in excess of $75,000.00.   Plaintiff invokes the pendent jurisdiction of the court over its state law claims.

6.      Venue of this proceeding is proper in this judicial district and division under 28 U.S.C. § 1391(a) because Plaintiff resides in this judicial district and division.

## IV.

## BASIS OF CLAIMS FOR RELIEF

7.      On or about September 26, 2023, Plaintiff, Harvey Lopez ("LOPEZ") was wrongfully terminated by Defendant, BLUEJACK ("BLUEJACK").  BLUEJACK's termination of LOPEZ was motivated by BLUEJACK's discriminatory policies and practices with respect to Hispanics.

8.      BLUEJACK manifested slanderous reason for terminating LOPEZ in that BLUEJACK claimed LOPEZ was "stealing/theft" of money from BLUEJACK in the form of taking cash payments/tips from club members for golf lessons without reporting such cash tips to BLUEJACK.

9.      As LOPEZ explained to BLUEJACK personnel that he had previously received approval from his supervisor, AARON CROOKS, on accepting payments/tips from club members

for golf lessons without reporting to BLUEJACK, BLUEJACK created another reason for LOPEZ's termination in that he failed to call 911 when a fellow BLUEJACK female employee told LOPEZ she was physically assaulted by a BLUEJACK member, Defendant Arnold Rodriguez ("RODRIGUEZ").

10.     LOPEZ is Hispanic.

11.     Other white, non-Hipanic, employees at BLUEJACK were routinely allowed to retain cash payments/tips from club members for golf lessons without reporting such cash tips to BLUEJACK.

12.     BLUEJACK is an expensive / exclusive golf club and RODRIGUEZ is a valuable member to BLUEJACK.

13.     RODRIGUEZ has a history of abusive relationships.

14.     Upon suspicion and belief, RODRIGUEZ contacted BLUEJACK and coordinated with BLUEJACK to manufacture a reason to terminate LOPEZ for calling the authorities concerning the assault allegation against RODRIGUEZ.

## V.  COUNT ONE

### DISCRIMINATION

15.     Plaintiff refers to and incorporates by reference each allegation in the paragraphs above as though fully set forth herein.

16.     Plaintiff is a member of a protected class.

17.     BLUEJACK discriminated against LOPEZ and terminated him which proximately caused LOPEZ damages.  LOPEZ is entitled to recover back pay, punitive damages, compensatory damages, front pay and attorneys fees from BLUEJACK.

## VI.  COUNT TWO

### TORTIOUS INTERFERENCE

18.     LOPEZ was an employee and had an employment agreement with BLUEJACK.

19.     Upon suspicion and belief, when RODRIGUEZ learned of LOPEZ contacting the authorities based on the alleged physical assault claimed by a female employee of BLUEJACK, RODRIGUEZ contacted BLUEJACK about terminating LOPEZ.

20.     Because LOPEZ is a financially valuable member to BLUEJACK, BLUEJACK agreed to terminate LOPEZ and fabricate reasons to do so.

21.     RODRIGUEZ's actions discussed above constitute tortious interference and proximately caused LOPEZ damages.

22.     Accordingly, LOPEZ is entitled to loss of benefit of the contract, loss of anticipated income, actual damages and attorney's fees from RODRIGUEZ.

## VII.  EXEMPLARY DAMAGES

23.     The actions complained of herein were intentional and are of such nature as to entitle LOPEZ to exemplary damages.

## VIII.  ATTORNEYS' FEES

24.     As a result of the matters set forth herein, Plaintiff has been forced to retain the undersigned counsel, to represent it in this action, and Plaintiff has agreed to pay reasonable attorneys' fees which Plaintiff is entitled to recover from BLUEJACK for discriminatory practices and RODRIGUEZ for his tortious interference.  Therefore, LOPEZ prays for recovery of his attorneys' fees and expenses, together with this Court's allowance and approval of additional attorneys' fees in the event of appeal.

## IX.  **DEMAND FOR JURY TRIAL**

25.     Plaintiff respectfully demands a trial by jury.

## X.  **PRAYER FOR RELIEF**

WHEREFORE, premises considered, LOPEZ prays that BLUEJACK and RODRIGUEZ be cited to appear and answer herein; that upon final trial hereof, LOPEZ have judgment against Defendants for actual damages, exemplary damages, incidental and consequential damages, reasonable attorney's fees, pre-judgment and post-judgment interest at the highest lawful rates, and costs of suit, and for such other and further relief, at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

*Joseph J. Hroch*

Joseph J. Hroch
Adm. ID No. 28099
Texas Bar No. 24000647
12821 Industrial Road
Houston, Texas 77015
713-636-8741 (Office)
jhroch@wombleco.com

ATTORNEY FOR PLAINTIFF,
HARVEY LOPEZ